United States District Court
For the Northern District of California

1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                    SAN JOSE DIVISION
10  Joseph E. Rubino,                    NO. C 08-00696
11              Plaintiff,       **ORDER GRANTING DEFENDANTS'**
                                 **MOTIONS TO DISMISS; GRANTING IN**
12      v.                       **PART AND DENYING IN PART**
                                 **PLAINTIFF'S MOTION FOR LEAVE TO**
13  ACME Building Maintenance, et al.,   **AMEND**
14              Defendants.
    _____/
15
16                   **I.  INTRODUCTION**
17        Joseph Rubino ("Plaintiff"), in *pro per*, brings this action against ACME Building
18  Maintenance ("ACME"), Spansion, Inc., the California Department of Fair Employment & Housing
19  ("DFEH"), and the California Department of Industrial Relations ("DIR"), alleging violation of Title
20  VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(g).  Presently before the Court are Motions
21  to Dismiss by Defendants Spansion and DFEH, and a Motion for Leave to Amend by Plaintiff.[1]  The
22  Court conducted a hearing on April 21, 2008.  Based on the papers submitted to date and oral
23  arguments of counsel, the Court GRANTS Defendants' Motions to Dismiss and GRANTS in part
24  and DENIES in part Plaintiff's Motion for Leave to Amend.
25
26  _____
27        [1] (Defendant Spansion's Motion to Dismiss Plaintiff's Employment Discrimination
    Complaint, hereafter, "Spansion Motion," Docket Item No. 11; Defendant California Department of
    Fair Employment and Housing's Motion to Dismiss, hereafter, "DFEH Motion," Docket Item No. 9;
28  Plaintiff's Motion to Amend Complaint, hereafter, "Motion to Amend," Docket Item No. 41.)

1

**II.  BACKGROUND**

2
In a Complaint filed on January 30, 2008, Plaintiff alleges as follows:

3
Plaintiff was employed by ACME and was discriminated against on account of his

4
race, national origin, and age.  (Complaint ¶¶ 4-5, Docket Item No. 1.)  Plaintiff complained

5
to the DFEH and DIR.  (Id.)  The DFEH and the DIR promised to protect Plaintiff from any

6
retaliation.  (Id.)  Nonetheless, ACME sabotaged Plaintiff's application for a permanent

7
position at Spansion.  Spansion colluded with ACME to constructively discharge Plaintiff.[2]

8
(Complaint ¶ 6.)

9
On the basis of the allegations outlined above, Plaintiff alleges a single cause of action for

10
employment discrimination under Title VII.

11
Presently before the Court are the following motions: (1) Defendant Spansion's Motion to

12
Dismiss; (2) Defendant DFEH's Motion to Dismiss; and (3) Plaintiff's Motion to Amend the

13
Complaint.

14

**III.  STANDARDS**

15
**A.    Motion to Dismiss**

16
Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against

17
a defendant for failure to state a claim upon which relief may be granted against that defendant.

18
Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient

19
facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

20
(9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984).

21

22
[2]  Plaintiff has submitted a declaration in which he further clarifies his claim.  (Declaration of

23
Joseph Rubino, hereafter, "Rubino Decl.," Docket Item No. 17.)  In his declaration, Plaintiff states:
I was hired by ACME as a Maintenance Technician and assigned to work at

24
Spansion.  Under the terms of the employment contract, I was barred from applying for a
permanent position at Spansion for a period of one year.  After one year, I attempted to apply

25
for a permanent position at Spansion.  Although there were jobs for which I was qualified,
Spansion discriminated against me by hiring an asian worker instead of me.  Additionally,

26
Spansion complained to ACME that I was harassing Spansion's human resources
department.  ACME then forced me to quit by denying me raises, vacation time, and sick

27
leave.  Spansion gave ACME its blessing in constructively discharging me.

28
2

*United States District Court*
For the Northern District of California

1  For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the

2  complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  Usher v.

3  City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  Any existing ambiguities must be resolved

4  in favor of the pleading.  Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

5      However, mere conclusions couched in factual allegations are not sufficient to state a cause

6  of action.  Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845

7  F.2d 802, 810 (9th Cir. 1988).  The complaint must plead "enough facts to state a claim for relief

8  that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. __ , 127 S. Ct. 1955, 1974

9  (2007).  Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect

10  by amendment.  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

**B.   Motion for Leave to Amend**

12      When a party can no longer amend a pleading as a matter of right under Rule 15(a), the party

13  must either petition the court for leave to amend or obtain consent from the adverse parties.  Fed. R.

14  Civ. P. 15(a); Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983).  Leave to amend under Rule

15  15(a) "shall be freely given when justice so requires."  Id.; Keniston, 717 F.2d at 1300.  "This policy

16  is to be applied with extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048,

17  1051 (9th Cir. 2003); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

18      However, leave to amend need not be granted where the amendment: (1) prejudices the

19  opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.

20  Amerisource Bergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Bowles v.

21  Reade, 198 F.3d 752, 757 (9th Cir. 1999).  A court may also consider whether the plaintiff has

22  previously amended the complaint or repeatedly failed to cure deficiencies in prior amendments.

23  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); Eminence Capital, 316 F.3d at 1052;

24  Keniston, 717 F.2d at 1300.  Prejudice to the defendant is the most important factor, but amendment

25  may be denied upon a sufficiently strong showing of the other factors.  See Eminence Capital, 316

**United States District Court**
For the Northern District of California

3

F.3d at 1052; <u>Keniston</u>, 717 F.2d at 1300.  The burden of showing prejudice rests on the party opposing amendment.  <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987).

**IV.  DISCUSSION**

**A.       Defendant Spansion's Motion to Dismiss**

Defendant Spansion moves to dismiss on the ground that Plaintiff has failed to allege that Spansion was Plaintiff's employer.  (Spansion Motion at 3.)

Title VII provides in relevant part that "it shall be an unlawful employment practice for an employer ... to discriminate against any individual ... because of such individual's race, color, religion, sex, or national origin."  42 U.S.C.A. § 2000e-2(a)(1).  The Ninth Circuit has held that individual employees, including supervisory employees, cannot be held liable for damages under the Age Discrimination in Employment Act or Title VII.  <u>Miller v. Maxwell's Int'l, Inc.</u>, 991 F.2d 583, 587-88 (9th Cir. 1993).  Although both of these acts define "employer" to include "any agent" of the employer (29 U.S .C. §§ 630(b), 203(d), 42 U.S.C. § 2000e(b)), the Ninth Circuit has construed these provisions "to incorporate respondeat superior liability into the statute[s]" rather than impose "employer liability" on the employee.  <u>Id.</u>, at 587 (quoting <u>Padway v. Palches</u>, 665 F.2d 965, 968 (9th Cir. 1982)).  Thus, "civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee." <u>Pink v. Modoc Indian Health Project, Inc.</u>, 157 F.3d 1185, 1189 (9th Cir. 1998).

In this case, the only allegation against Defendant Spansion is that it "blessed" ACME for discriminating against Plaintiff.  (Complaint ¶ 6.)  The Complaint does not allege that Defendant Spansion was Plaintiff's employer or that it discriminated against Plaintiff in his employment.  Thus, Plaintiff has failed to state a claim for employment discrimination under both Title VII and the ADEA.  Accordingly, the Court GRANTS Defendant Spansion's motion to dismiss the Complaint.

4

**United States District Court**
For the Northern District of California

**B.    Defendant DFEH's Motion to Dismiss**

DFEH moves to dismiss on the ground that Plaintiff has failed to allege that DFEH was Plaintiff's employer.[3]  (DFEH Motion at 3.)  As stated above, liability under Title VII extends only to an employer.  The Complaint does not allege that DFEH was Plaintiff's employer.  Rather, the Complaint alleges that DFEH failed to investigate Plaintiff's claim because he was a white person complaining of discriminatory treatment by minority employers.  (Complaint ¶ 6.)  Such allegations do not state a claim for employment discrimination under Title VII.  Accordingly, the Court GRANTS Defendant DFEH's motion to dismiss on this ground.

**C.    Plaintiff's Motion for Leave to Amend**

Plaintiff moves for leave to amend.  Plaintiff contends that he filed the Complaint in a rush to meet the ninety-day statute of limitations imposed by the Equal Employment Opportunity Commission.  (Motion to Amend at 1.)

A court may dismiss a complaint without granting leave to amend only if it appears with certainty that the plaintiff cannot state a claim and any amendment would be futile.  See Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires"); DeSoto v. Yellow Freight Systems, Inc., 957 F.2d 655, 658 (9th Cir. 1992); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).  Thus, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.  Id.  Further, the Ninth Circuit has mandated that courts construe a *pro se* plaintiff's pleadings liberally in determining whether a claim has been stated.  Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996).

With respect to his claim against Defendant DFEH, the Court finds that amendment would be futile.  Plaintiff's allegations and statements pertaining to DFEH are that it failed to adequately

---

[3]  DFEH also contends that it is immune from suit under the Eleventh Amendment. However, Congress has abrogated the states' Eleventh Amendment Immunity for claims arising out of Title VII such that actions may be properly brought against a state or one of its agencies.  See Fitzpatrick v. Bitzer, 427 U.S. 445 (1976).

5

1   investigate Plaintiff's claim and failed to protect Plaintiff from retaliation, all on account of his race.

2   Construed liberally, Plaintiff alleges that the DFEH violated his civil rights by denying him equal

3   protection of the laws.  This, it appears that Plaintiff is not asserting a Title VII claim against DFEH,

4   but rather, he is attempting to allege civil rights violation pursuant to 42 U.S.C. § 1983.

5          Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit.  See

6   Quern v. Jordan, 440 U.S. 332, 344-45 (1979).  Accordingly, as a general rule, states cannot be sued

7   in federal court for violating § 1983 because "states or governmental entities that are considered

8   'arms of the State' for Eleventh Amendment purposes are not 'persons' under § 1983" for suit

9   seeking monetary damages.  Doe v. Lawrence Livermore National Laboratory, 131 F.3d 836, 839

10  (9th Cir. 1997) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989)).  Further, state

11  agencies, as mere "arms of the state," are similarly immune from suit in federal court.  See Brooks v.

12  Sulphur Springs Valley Electric Coop., 951 F.2d 1050, 1053 (9th Cir.1 991); see also Wood v.

13  Sargeant, 694 F.2d 1159, 1161 (9th Cir. 1982).

14         Here, DFEH is a state agency and thus is not a "person" within the meaning of § 1983.

15  Accordingly, the Court DENIES Plaintiff's motion for leave to amend the Complaint with respect to

16  DFEH.  Plaintiff's claim against Defendant DFEH is dismissed with prejudice.

17         With respect to Defendant Spansion, the Court finds that Plaintiff could amend the

18  Complaint to allege the facts necessary to state a claim against Spansion.  For example, in his

19  opposition papers, Plaintiff contends that if he is given leave to amend, he would allege that

20  Spansion did not hire him for positions which were open and for which he was qualified because of

21  his race.  (Plaintiff's Opposition to Defendant Spansion's Motion to Dismiss at 5, 8, Docket Item

22  No. 46.)[4]  Thus, it appears that Plaintiff could amend the Complaint to state a claim against

23  Defendant Spansion.  Accordingly, the Court GRANTS Plaintiff's motion for leave to amend the

24  Complaint with respect to his claim against Defendant Spansion.

25

26

27         [4] In light of his *pro se* status, the Court GRANTS Plaintiff's Motion for Extension of Time
    to File Opposition Brief.  (See Docket Item No. 43.)

28                                              6

United States District Court

For the Northern District of California

## V.  CONCLUSION

The Court GRANTS Defendants Spansion and DFEH's Motions to Dismiss.

The Court GRANTS in part and DENIES in part Plaintiff's Motion for Leave to Amend. The Court GRANTS Plaintiff's motion to amend his Complaint as against Defendant Spansion.  The Court DISMISSES Defendant DFEH with prejudice.

Plaintiff shall file an Amended Complaint within fifteen (15) days from the date of this Order.  In light of this Order, the Court continues the Case Management Conference presently set for June 9, 2008 to **June 30, 2008 at 10 a.m.**  The parties shall meet and confer and file a Joint Case Management Statement on or before **June 20, 2008.**  The Statement shall set forth a good faith discovery plan, including a proposed date for the close of all discovery.

Dated: June 5, 2008

_____
JAMES WARE
United States District Judge

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David Dong-In Sohn david.sohn@ogletreedeakins.com
Paul T. Hammerness paul.hammerness@doj.ca.gov

Joseph E Rubino
2151 Oakland Road, #36
San Jose, CA 95131

**Dated: June 5, 2008**                                    **Richard W. Wieking, Clerk**

                                                          **By:   /s/ JW Chambers                 **
                                                                **Elizabeth Garcia**
                                                                **Courtroom Deputy**

United States District Court

For the Northern District of California