1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                              SAN JOSE DIVISION

10  Joseph E. Rubino,                          NO. C 08-00696 JW

11              Plaintiff,                      **ORDER DENYING DEFENDANT ACME
                                               BUILDING MAINTENANCE'S MOTION**
        v.                                     **FOR SUMMARY JUDGMENT WITHOUT**
12                                             **PREJUDICE TO BE RENEWED**
    ACME Building Maintenance, et al.,

13
                Defendants.
14  _____/

15                          **I.  INTRODUCTION**

16       Joseph Rubino ("Plaintiff"), in *pro per*, brings this action against Defendants ACME

17  Building Maintenance ("ACME"), Spansion, Inc. ("Spansion") and GCA Service Group of Texas

18  L.P., Inc. (collectively, "Defendants"), alleging violations of Title VII of the Civil Rights Act of

19  1964, 42 U.S.C. §§ 2000e, *et seq*.[1]

20

21

22  _____

23       [1]  On October 17, 2008, Plaintiff filed a Second Amended Complaint without leave from the
    Court to do so.  (See Docket Item No. 102.)  The Second Amended Complaint contained causes of
24  action for violations of 42 U.S.C. §§ 2000e, *et seq*., and 42 U.S.C. § 1981.  (Id.)  On December 15,
    2008, the Court granted Defendant Spansion's motion to dismiss with leave to amend, and ordered
25  Plaintiff to file an amended complaint no later than January 15, 2009.  (See Docket Item No. 104.)
    On January 15, 2009, Plaintiff filed his subsequent Second Amended Complaint, stating claims
26  under 42 U.S.C. §§ 2000e, *et seq*., only.  (Second Amended Complaint at 1, hereafter, "SAC,"
    Docket Item No. 105.)  Although Plaintiff's Second Amended Complaint fails to include a cause of
27  action under 42 U.S.C. § 1981 and is confusingly captioned as "Spansion's Portion," the Court treats
    Plaintiff's January 15, 2009 pleading as his operative pleading pursuant to its December 15, 2008
28  Order.

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1   Presently before the Court is Defendant ACME's Motion for Summary Judgment.[2]  The

2   Court conducted a hearing on June 8, 2009.  Based on the papers submitted to date and oral

3   argument, the Court DENIES Defendant ACME's Motion for Summary Judgment.

## II.  BACKGROUND

### A.   Undisputed Facts

6   On May 22, 2005, Plaintiff began employment with Defendant ACME as a Maintenance

7   Technician.[3]  While employed by ACME, Plaintiff performed work for Defendant Spansion through

8   a service agreement between ACME and Spansion.  (Sohn Decl., Ex. B at 46.)  In July 2006,

9   Plaintiff received a power point slide listing "General Mechanics–2" under the heading "Future

10  Openings. Must be filled by Q4'06."  (Sohn Decl., Ex. D.)

11  Plaintiff attempted on three occasions, between July and October 2006, to apply for a

12  position with Spansion as a General Mechanic by submitting his resume to what he believed to be

13  Spansion's Human Resources office.  (Sohn Decl, Ex. B at 208.)  Although Plaintiff was aware that

14  he could apply for jobs at Spansion on the internet, he never did.  (Sohn Decl., Ex. B at 187-88,

15  197.)  On November 14, 2006, Plaintiff submitted a 30-day notice of his resignation.  (Sohn Decl.,

16  Ex. E.)  On November 20, 2006, Plaintiff informed his supervisor, Angel Zamora, that he would not

17  be returning to work.  (Sohn Decl., Ex. F.)

### B.   Procedural History

19  On January 30, 2008, Plaintiff filed this law suit.  (See Docket Item No. 1.)  On June 5, 2008,

20  the Court granted Defendant Spansion's motion to dismiss and Plaintiff's motion for leave to amend.

21  (See Docket Item No. 74.)  On June 19, 2008, Plaintiff filed a first amended complaint.  (See Docket

22  Item No. 76.)  Following a June 30, 2008 Case Management Conference, the Court referred Plaintiff

24   [2] (Defendant ACME Building Maintenance's Notice of Motion and Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment, hereafter, "Motion," Docket Item No.
25  110.)

26   [3] (Declaration of David D. Sohn in Support of Defendant ACME Building Maintenance's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment, Ex. A, hereafter,
27  "Sohn Decl.," Docket Item No. 111.)

28                                                    2

to the Federal Pro Bono Project for the Northern District of California.  (See Docket Item No. 84.)  Plaintiff has since continued to prosecute this action *pro se*.

On December 15, 2009, the Court granted Defendant Spansion's motion to dismiss with leave to amend.  (See Docket Item No. 104.)  In its December 15, 2008 Order, the Court explained that Plaintiff's allegations did not make clear that Spansion was a joint employer of Plaintiff or who controlled the various aspects of his employment.  On January 15, 2009, Plaintiff filed his Second Amended Complaint against Defendants, alleging that Defendants discriminated against Plaintiff because he is white in violation of Title VII.  (See Docket Item No. 105.)  On March 16, 2009, Defendant Spansion filed a Notice of Commencement of Bankruptcy Proceedings and of Automatic Stay, notifying the parties and the Court that it filed a voluntary petition for relief under 11 U.S.C. §§ 101, *et seq*.  (See Docket Item No. 108.)  Accordingly, this case was automatically stayed as to Spansion pursuant to 11 U.S.C. § 362.

Presently before the Court is Defendant ACME's Motion for Summary Judgment.

### III.  STANDARDS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses."  Celotex v. Catrett, 477 U.S. 317, 323-24 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion . . . ."  Id. at 323.  "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party "bears the initial responsibility for informing the district court that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.  The non-moving must then "present some evidence establishing each element of [his] claims on which [he] would bear the

United States District Court

For the Northern District of California

1    burden of proof at trial." <u>Smolen v. Deloitte, Haskins & Sells</u>, 921 F.2d 959, 963 (9th Cir. 1990)

2    (quotations omitted).  Conclusory allegations unsupported by factual data are insufficient to defeat a

3    summary judgment motion.  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

4            When evaluating a motion for summary judgment, the court views the evidence through the

5    prism of the evidentiary standard of proof that would pertain at trial.  <u>Anderson v. Liberty Lobby</u>

6    <u>Inc.</u>, 477 U.S. 242, 255 (1986).  The court draws all reasonable inferences in favor of the non-

7    moving party, including questions of credibility and of the weight that particular evidence is

8    accorded.  <u>See, e.g.</u>, <u>Masson v. New Yorker Magazine, Inc.</u>, 501 U.S. 496, 520 (1992).  The court

9    determines whether the non-moving party's "specific facts," coupled with disputed background or

10   contextual facts, are such that a reasonable jury might return a verdict for the non-moving party.

11   <u>T.W. Elec. Serv. v. Pac. Elec. Contractors</u>, 809 F.2d 626, 631 (9th Cir. 1987).   In such a case,

12   summary judgment is inappropriate.  <u>Anderson</u>, 477 U.S. at 248.  However, where a rational trier of

13   fact could not find for the non-moving party based on the record as a whole, there is no "genuine

14   issue for trial." <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 587 (1986).

15                              **IV.  DISCUSSION**

16           Defendant ACME moves for summary judgment on the following grounds: (1) Plaintiff has

17   failed to exhaust his administrative remedies; (2) Plaintiff cannot establish a prima facie case of

18   racial discrimination because he was not subject to an adverse employment action; and (3) Plaintiff

19   cannot establish a prima facie case of racial discrimination because he cannot show that similarly

20   situated employees were treated differently.[4]  (Motion at 1.)  The Court considers each issue in turn.

21

22

23   _____

24           [4]  ACME also contends that Plaintiff cannot pursue a claim for discrimination based on the
     "perception" of his race.  (Motion at 1.)  Plaintiff, however, clarifies in his Opposition that "though
25   perception played some of the role of Defendants [sic] action the suit is based on they descriminated
     [sic] against me because of my race etc."  (Plaintiff's Opposition to Defendant's Motion for
26   Summary Judgment at 3-4, 42-44, hereafter, "Opposition," Docket Item No. 115.)  Thus, the Court
     declines to address whether Plaintiff's claim can be properly based on Defendant ACME's
27   "perception" of his race.

28                                            4

1

**A.      Exhaustion of Administrative Remedies**

2          At issue is whether Plaintiff has exhausted his administrative remedies.

3          A plaintiff is required to exhaust his administrative remedies before filing a Title VII claim

4    by either filing a timely charge with the Equal Employment Opportunity Commission ("EEOC"), or

5    by making such a filing with the appropriate state agency.  Freeman v. Oakland Unified School

6    District, 291 F.3d 632, 636 (9th Cir. 2002).  If an employee seeks judicial relief for claims not listed

7    in an original administrative filing, he "nevertheless may encompass any discrimination like or

8    reasonably related to the allegations of the [administrative] charge."  Oubichon v. North American

9    Rockwell Corporation, 482 F.2d 569, 571 (9th Cir. 1973).  A court's subject matter jurisdiction

10   extends over all allegations provided in an administrative filing and those "which can reasonably be

11   expected to grow out of the charge of discrimination."  Freeman, 291 F.3d at 636 (internal

12   quotations omitted).  The allegations of an administrative filing are to be read with the "utmost

13   liberality."  B.K.B. v. Maui Police Department, 276 F.3d 1091, 1100 (9th Cir. 2002).

14         Here, ACME contends that Plaintiff failed to exhaust his administrative remedies because the

15   "particulars" of Plaintiff's complaint filed with the California Department of Fair Employment and

16   Housing and EEOC do not mention ACME.  (Motion at 6.)  Although Defendant is correct that

17   Plaintiff's brief recitation of the "particulars" surrounding the alleged discrimination does not

18   mention ACME by name, ACME is listed as one of Plaintiff's employers who discriminated against

19   him.  There is no dispute that on one of Plaintiff's administrative complaints, he lists "Spansion

20   Incorporated, LLP/ACME Building Maintenance" as employers who discriminated against Plaintiff.

21   (Sohn Decl., Ex. G.)  It is also not disputed that Plaintiff's second EEOC complaint states that

22   Plaintiff "was hired by ACME . . . to work at [Spansion] in 2005."[5]  Finally, subsequent right-to-sue

23   letters from the EEOC to show that ACME was copied on its November 6, 2007 letter.  (Id.)

24

25

26

             [5]  (Declaration of Joseph E. Rubino in Opposition to Defendant ACME's Motion for
27   Summary Judgment, Ex. 28, Docket Item No. 116.)

28                                                    5

United States District Court

For the Northern District of California

1    Thus, the Court finds that, when Plaintiff's administrative complaints are read with the

2    utmost liberality, Plaintiff has adequately exhausted his administrative remedies with respect to

3    Defendant ACME.  Accordingly, Defendant ACME is not entitled to summary judgment on the

4    ground that Plaintiff has failed to exhaust his administrative remedies.

5    **B.**    **Prima Facie Case**

6    At issues is whether Plaintiff has established a prima facie case for his Title VII claim.

7    A Title VII plaintiff has the burden of first establishing a prima facie case giving rise to an

8    inference of unlawful racial discrimination.  <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-

9    05 (1973).  If the plaintiff succeeds in establishing a prima facie case, the burden then shifts to the

10   defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory

11   conduct.  If the defendant provides such a reason, then the burden shifts back to the plaintiff to show

12   that the employer's reason is a pretext for discrimination.  <u>Id.</u>; <u>Vasquez v. County of Los Angeles</u>,

13   349 F.3d 634, 640 (9th Cir. 2003).  A plaintiff may establish a prima facie case of racial

14   discrimination by showing that: (1) he belongs to a protected class; (2) he performed his job

15   satisfactorily; (3) he suffered an adverse employment action; and (4) his employer treated him

16   differently than a similarly situated employee who does not belong to the same protected class.

17   <u>Cornwell v. Electra Central Credit Union</u>, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing <u>McDonnell</u>

18   <u>Douglas Corp.</u>, 411 U.S. at 802).

19   An adverse employment action is an action that "constitutes a significant change in

20   employment status, such as hiring, firing, failing to promote, reassignment with significantly

21   different responsibilities, or a decision causing a significant change in benefits."  <u>Burlington</u>

22   <u>Industries, Inc. v. Ellerth</u>, 524 U.S. 742, 761 (1998).  Adverse employment actions typically inflict

23   direct economic harm.  <u>Id.</u> at 762.  One form of adverse employment action is a "constructive

24   discharge."  <u>Hardage v. CBS Broadcasting, Inc.</u>, 427 F.3d 1177, 1184 (9th Cir. 2005).  To establish a

25   constructive discharge, an employee must show that, due to the defendant's discriminatory conduct,

26   his working conditions became so intolerable that "a reasonable person in the employee's position

27

28                                                              6

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1

would have felt compelled to resign." <u>Penn. State Polic v. Suders</u>, 542 U.S. 129, 141 (2004).  The

2

Ninth Circuit has explained that

3

> [a] constructive discharge occurs when the working conditions deteriorate, as a result
> of discrimination, to the point that they become sufficiently extraordinary and
> egregious to overcome the normal motivation of a competent, diligent, and reasonable
> employee to remain on the job to earn a livelihood and to serve his or her employer.

4

5

<u>Poland v. Chertoff</u>, 494 F.3d 1174, 1184 (9th Cir. 2007) (internal quotations omitted); <u>see also</u>

6

<u>Hardage</u>, 427 F.3d at 1185.

7

In this case, Plaintiff does not offer evidence showing that similarly situated employees were

8

treated differently, or that the terms of his employment deteriorated sufficiently that his resignation

9

is effectively a constructive discharge.  However, with respect to adverse employment actions,

10

Plaintiff contends that he was not only constructively discharged, but because of his race, he was not

11

given raises, overtime pay, benefits or breaks that he was entitled to.  (Opposition at 3, 14, 42-44.)

12

Defendant ACME fails to address these alleged conduct.  Although Plaintiff's Opposition is difficult

13

to comprehend, Plaintiff also appears to suggest that further discovery will allow him to show that

14

ACME undertook these actions because of his race, and show that Hispanic ACME employees

15

received preferential treatment.[6]  (<u>Id.</u> at 39, 42.)

16

In addition, the Court finds that certain issues remain that must be addressed by the parties

17

before summary judgment is appropriate.  For example, the terms of Plaintiff's employment with

18

ACME and Spansion are unclear.  The Court cannot decipher the relationship between Defendants

19

ACME and Spansion, or which of them controlled the aspects of Plaintiff's employment at issue in

20

this case.  Without an understanding of these issues, the Court cannot determine who is Plaintiff's

21

"employer" with respect to his Title VII claims, whether certain conduct allegedly undertaken by

22

Spansion should be imputed to ACME, or whether Plaintiff suffered an adverse employment action.

23

Thus, the Court finds that Defendant ACME's Motion for Summary Judgment is premature.

24

Accordingly, the Court DENIES Defendant ACME's Motion for Summary Judgment.

25

26

27

[6]  There is currently no deadline for the close of discovery.

28

7

**V.  CONCLUSION**

The Court DENIES Defendant ACME's Motion for Summary Judgment without prejudice to be renewed after the close of discovery.  The Court will separately issue a Scheduling Order setting a deadline for the close discovery and for filing subsequent dispositive motions.


Dated:  July 15, 2009

JAMES WARE
United States District Judge

United States District Court

For the Northern District of California

8

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David Dong-In Sohn david.sohn@ogletreedeakins.com
David Jude Comeaux david.comeaux@odnss.com
Douglas J. Farmer doug.farmer@ogletreedeakins.com
Paul T. Hammerness paul.hammerness@doj.ca.gov


Joseph E Rubino
2151 Oakland Road, # 36
San Jose, CA 95131



**Dated:  July 15, 2009**                              **Richard W. Wieking, Clerk**


                                                       **By:   /s/ JW Chambers**
                                                       **Elizabeth Garcia**
                                                       **Courtroom Deputy**

**United States District Court**
For the Northern District of California