1

2    *E-FILED 02-05-2010*

3

4

5

6

7              NOT FOR CITATION

8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10             SAN JOSE DIVISION

11   JOSEPH E. RUBINO,                    No. C08-00696 JW (HRL)

12        Plaintiff,                      **ORDER (1) DENYING PLAINTIFF'S
                                          MOTION RE INTERROGATORIES;
13   v.                                   AND (2) DENYING PLAINTIFF'S
                                          MOTION FOR SANCTIONS**
14   ACME BUILDING MAINTENANCE, et al.,
                                          **[Re: Docket Nos. 134, 135]**
15        Defendants.
                                      /

16

17        Pro se plaintiff Joseph Rubino sues for alleged employment discrimination under Title

18   VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.  Presently before this court are

19   two motions filed by Rubino.  Although the first is styled as a motion for leave to propound

20   over 25 interrogatories to various persons and entities, it appears that Rubino actually seeks a

21   court order both allowing the interrogatories and compelling answers to them.  The second

22   seeks sanctions.  Defendant ACME Building Maintenance ("ACME") opposes the motions.

23   The matter is deemed suitable for determination without oral argument, and the February 9,

24   2010 hearing is vacated.  See CIV. L.R. 7-1(b).  Upon consideration of the moving and

25   responding papers, this court denies both motions.

26        Plaintiff essentially seeks a court order permitting him to propound a number of

27   interrogatories on (a) all ACME workers at Spansion; (b) all the Officers of ACME/GCA;

28   (c) Joe Shuburg (someone who apparently worked with Rubino either at ACME or Spansion);

1  (d) Jim Cronin (identified as a Spansion employee and plaintiff's former co-worker); and (e) the

2  California Department of Fair Employment & Housing. As noted above, he also wants a court

3  order compelling the interrogatories to be answered. The subject interrogatories apparently

4  were served on or about the December 28, 2009 discovery cutoff date.

5        Plaintiff's motion re interrogatories is denied. First, the interrogatories were not timely

6  served.[1] See Civ. L.R. 26-2 ("Unless otherwise ordered, as used in any order of this Court or in

7  these Local Rules, a 'discovery cutoff' is the date by which all responses to written discovery

8  are due and by which all depositions must be concluded."). Second, all of them are directed to

9  nonparties. Federal Rule of Civil Procedure 33 provides that interrogatories may be served "on

10  any other *party*" to the action. Fed. R. Civ. P. 33(a)(1) (emphasis added). However,

11  interrogatories "*cannot* be served on *nonparty* witnesses." SCHWARZER, ET AL., CALIFORNIA:

12  FEDERAL CIV. PROC. BEFORE TRIAL, § 11:1671 (Rev. #1 2008). Even if the interrogatories to

13  ACME's officers were deemed requests directed to ACME itself, and to the extent the questions

14  posed are relevant, this court finds that it would need to re-draft the interrogatories for plaintiff.

15  This court does not find it appropriate to do so at this juncture.

16        Insofar as plaintiff's motion for sanctions is premised upon defendant's alleged

17  discovery failures, this court does not find sanctions to be warranted on the record presented.

18  The motion is denied

19        SO ORDERED.

20  Dated:    February 5, 2010

21

22                                                    HOWARD R. LLOYD
                                                      UNITED STATES MAGISTRATE JUDGE

23

24

25  [1]     Plaintiff says that he served an earlier set of interrogatories sometime in May
or June 2009. (See Docket No. 143, Plaintiff's Reply Brief at 2 and Ex. 2). Those earlier
interrogatories appear duplicate, to a certain extent, the interrogatories directed to all ACME
26  workers. The record indicates that ACME may have objected to those interrogatories on the
ground that service was invalid under Fed. R. Civ. P. 5(b)(1). (Id., Ex. 9). Inasmuch as
27  plaintiff claims to have also served those earlier interrogatories on defense counsel, there
appears to be a factual dispute about the validity of service. But even if this court were to
28  accept plaintiff's representation, the earlier set of interrogatories were nonetheless directed to
nonparties.

1   5:08-cv-00696-JW Notice electronically mailed to:

2   Paul T. Hammerness paul.hammerness@doj.ca.gov, chere.deuel@doj.ca.gov

3   David Dong-In Sohn david.sohn@ogletreedeakins.com

4   David Jude Comeaux david.comeaux@odnss.com, Susan.holmes@odnss.com, donna.fraley@odnss.com

5   Erica Kristen Rocush erica.rocush@ogletreedeakins.com, abigail.harper@ogletreedeakins.com

6   Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

7

8   5:08-cv-00696-JW Notice mailed to:

9   Joseph E Rubino
    2151 Oakland Road #36
10  San Jose, CA 95131

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28